# UNITED STATES DISTRICT COURT
for the

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2025 SEP -3 A 11: 26
CLERK KM
SO. DIST. OF GA.

PATRICK BLAISE CHARNOCK
*Petitioner*

v.

WARDEN, FCI JESUP
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

Case No. 225CV110
*(Supplied by Clerk of Court)*

**PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**Personal Information**

1. (a) Your full name: Patrick Blaise Charnock
   (b) Other names you have used: N/A
2. Place of confinement:
   (a) Name of institution: FCI Jesup
   (b) Address: 2680 301 South
   Jesup, GA 31599
   (c) Your identification number: # 93638-083
3. Are you currently being held on orders by:
   ☒ Federal authorities ☐ State authorities ☐ Other - explain:
4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: Eastern District of Virginia, Norfolk Division
   (b) Docket number of criminal case: 19-cr-00129-002
   (c) Date of sentencing: September 30, 2020
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

**Decision or Action You Are Challenging**

5. What are you challenging in this petition:
   ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☒ Other *(explain)*: The BOP's failure to Apply FSA (FTC) Credits.

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: BOP
   (b) Docket number, case number, or opinion number:
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   The BOP's failure to Apply FSA (FTC) Credits
   (d) Date of the decision or action: Not Responding to Adminstrative Remedy Requests.

**Your Earlier Challenges of the Decision or Action**

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☒ Yes ☐ No
   (a) If "Yes," provide:
      (1) Name of the authority, agency, or court: BOP
      (2) Date of filing: See Memorandum of Law in Support of Motion
      (3) Docket number, case number, or opinion number:
      (4) Result: See Memorandum of Law in Support of Motion
      (5) Date of result:
      (6) Issues raised: See Memorandum of Law in Support of Motion
   (b) If you answered "No," explain why you did not appeal:

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes ☒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: ______

(2) Date of filing: ______

(3) Docket number, case number, or opinion number: ______

(4) Result: ______

(5) Date of result: ______

(6) Issues raised: ______

(b) If you answered "No," explain why you did not file a second appeal: See Memorandum of Law in Support of Motion.

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes ☒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: ______

(2) Date of filing: ______

(3) Docket number, case number, or opinion number: ______

(4) Result: ______

(5) Date of result: ______

(6) Issues raised: ______

(b) If you answered "No," explain why you did not file a third appeal: ______

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes ☒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes ☐ No

If "Yes," provide:
(1) Name of court: ______
(2) Case number: ______
(3) Date of filing: ______
(4) Result: ______
(5) Date of result: ______
(6) Issues raised: ______

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes ☒ No

If "Yes," provide:
(1) Name of court: ______
(2) Case number: ______
(3) Date of filing: ______
(4) Result: ______
(5) Date of result: ______
(6) Issues raised: ______

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: N/A

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes ☒ No

If "Yes," provide:
(a) Date you were taken into immigration custody: ______
(b) Date of the removal or reinstatement order: ______
(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes ☐ No

If "Yes," provide:

(1) Date of filing: ______

(2) Case number: ______

(3) Result: ______

(4) Date of result: ______

(5) Issues raised: ______

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes ☒ No

If "Yes," provide:

(1) Name of court: ______

(2) Date of filing: ______

(3) Case number: ______

(4) Result: ______

(5) Date of result: ______

(6) Issues raised: ______

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: ______

(b) Name of the authority, agency, or court: ______

(c) Date of filing: ______

(d) Docket number, case number, or opinion number: ______

(e) Result: ______

(f) Date of result: ______

(g) Issues raised: ______

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** See Memorandum of Law in Support of Motion

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
See Memorandum of Law in Support of Motion

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes ☐ No

**GROUND TWO:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes ☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes ☐ No

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15. State exactly what you want the court to do: See Memorandum of Law in Support of Motion

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

______________________________________________

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 8/26/25

Patrick Charnah
*Signature of Petitioner*

______________________________________________
*Signature of Attorney or other authorized person, if any*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**

PATRICK BLAISE CHARNOCK
Petitioner,

Case No. *To Be Assigned By Clerk*

v.

WARDEN, FCI JESUP
Respondent.
_______________________________/

**MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 & FIRST STEP ACT TIME CREDITS**

COMES NOW the Petitioner, Patrick Blaise Charnock, a federal prisoner confined at FCI JESUP. The Petitioner is within the jurisdiction of this Court, and respectfully submits this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. The Petitioner challenges the Bureau of Prisons' (BOP) unlawful denial of First Step Act (FSA) Time Credits toward his eligible sentence under 21 U.S.C. § 841.

**LIBERAL CONSTRUCTION/PRO SE**

The Petitioner is proceeding pro se in the cause and requests liberal construction of her pleadings. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court may hold the pleadings of a pro se litigant to less stringent standards than formal pleadings drafted by lawyers. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The filings of pro se

litigants should be construed liberally and facts, arguments, evidence presented, should be given full effect of consideration.

## I. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 2241 because Petitioner challenges the execution of his sentence, specifically the BOP's refusal to apply earned FSA Time Credits. Venue is proper in the Southern District of Georgia because Petitioner is currently incarcerated at FCI Jesup, located within this judicial district.

## II. PARTIES

- Petitioner: Patrick Blaise Charnoch, Register No. 93638-083, is a federal prisoner in BOP custody.
- Respondent: The Warden of FCI Jesup, who has immediate custody over Petitioner.

## III. EXHAUSTION OF REMEDIES/FUTILITY

Petitioner has attempted to obtain the needed forms to facilitate the administrative remedy process, however, BOP Staff never responded to his requests and thus thwarted the ability to effect the remedy process. The Petitioner invokes the Futility Doctrine, in order to overcome the hurdle of exhausting all available administrative remedies. See Exhibits 1 - 2.

## IV. FACTUAL BACKGROUND

1. Petitioner was convicted in the Eastern District of Virginia, Norfolk Division for violations of 21 U.S.C. § 841, 846 (Controlled Substance Act offense) and 18 U.S.C. § 924(c) (use of a firearm in furtherance of a drug trafficking crime).

2. Petitioner was sentenced to:

    - 60 months (5 years) for the 18 U.S.C. § 924(c) charge, followed by

    - A consecutive sentence under 21 U.S.C. § 841.

3. Petitioner has completed serving the 60-month term under § 924(c), inclusive of Good Conduct Time.

4. Petitioner is now serving his remaining sentence under § 841, which is eligible for First Step Act Time Credits (FSA Credits), as § 841 is not listed among the disqualifying offenses under 18 U.S.C. § 3632(d)(4)(D).

5. Petitioner has participated in Evidence-Based Recidivism Reduction (EBRR) programs and Productive Activities as defined under the FSA.

6. Despite this, the BOP refuses to apply FSA Time Credits toward Petitioner's current § 841 sentence, citing ineligibility stemming from the now-completed § 924(c) conviction.

7. The Petitioner attempted to effect the administrative remedy process but was denied the needed documents. No response from BOP staff on the matter. See Exhibits 1 - 2.

## V. LEGAL ARGUMENT

In this present cause, there has been a misapplication of the First Step Act of 2018 by the Bureau of Prisons (BOP) that has serious implications for federal inmates' liberty interests and the faithful execution of congressional sentencing reform. This brief is submitted to address the BOP's denial of earned FSA Time Credits for a now-being-served sentence under 21 U.S.C. § 841—following completion of a § 924(c) term—is contrary to law. The BOP's position conflates distinct legal sentences into a monolithic block of custody, wrongly carrying over ineligibility from a completed § 924(c) sentence to an otherwise FSA-eligible § 841 sentence. This interpretation is inconsistent with the clear statutory language of the First Step Act, and contradicts binding precedent from the Eleventh Circuit and other federal courts. The record shows Petitioner completed the § 924(c) sentence—including applicable good conduct time—and is now serving only the § 841 sentence. Under the law, the § 841 conviction is independently eligible for FSA credits, and nothing in § 3632(d)(4)(D) supports a continued bar based on a past offense.

### A. § 924(c) and § 841 are legally distinct offenses under Eleventh Circuit Precedent

It is well-settled law that a conviction under 18 U.S.C. § 924(c) constitutes a standalone crime, separate and apart from any underlying drug trafficking conviction such as 21 U.S.C. § 841. In *United States v. Segarra*, 582 F.3d 1269 (11th Cir. 2009), the Eleventh Circuit reaffirmed that § 924(c) is not a sentencing enhancement, but an

independent criminal offense that requires imposition of a sentence consecutive to the sentence for the underlying drug crime. The court explained:

> "Congress unambiguously intended to impose an additional punishment for the use of a firearm in connection with a drug trafficking crime... This punishment is separate from and cumulative to the punishment for the drug offense itself."
>
> — *Segarra*, 582 F.3d at 1271–72.

Similarly, in *United States v. Lucas*, 932 F.2d 1210 (11th Cir. 1991), the court held that each use or possession of a firearm in violation of § 924(c) gives rise to a distinct offense, even if tied to the same course of criminal conduct as a drug crime. These cases confirm that the judicial process treats § 924(c) and § 841 as separate convictions, each with their own statutory elements, penalties, and implications under sentencing law. While the BOP may, for administrative efficiency, aggregate sentences for computing projected release dates or halfway house placement, that administrative practice does not merge the legal distinction between two sentences. The BOP's conflation of completed and ongoing sentences undermines this Court's constitutional role in enforcing the law as written.

**B. The First Step Act Applies to the Sentence Currently Being Served, Not the Sentence Already Completed**

Under the First Step Act, eligibility to earn and apply Time Credits is determined by the nature of the "conviction" for which the prisoner is currently serving a sentence. See 18 U.S.C. § 3632(d)(4)(D) (listing disqualifying offenses). Nowhere does the statute authorize the BOP to continue denying FSA credit based on a previously

completed disqualifying offense. Indeed, the statute's design is forward-looking and rehabilitative: it rewards prisoners for program participation by allowing early placement in pre-release custody provided they are not serving a sentence for a disqualifying offense at that time. The text is plain. Section 3632(d)(4)(D) begins:

> "A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law..."

Here, the Petitioner is no longer "serving a sentence for a conviction under" § 924(c). That sentence was completed. He is now only serving the § 841 sentence, which is conspicuously absent from the enumerated list of disqualifying convictions. Federal courts have begun to address this precise issue. In *Woodley v. Warden*, USP-Leavenworth, No. 5:23-cv-03129, the U.S. District Court for the District of Kansas squarely rejected the BOP's theory that a prior § 924(c) sentence permanently taints eligibility for future credits:

> "Once a disqualifying sentence has been served, it no longer Disqualifies the prisoner from earning and applying time credits for a current, qualifying sentence. The statute does not authorize a 'perpetual disqualification.'"

To hold otherwise would render § 3632(d)(4)(D)'s text meaningless, create disparate outcomes based on sentence structure, and erect administrative barriers to rehabilitation that Congress plainly sought to remove.

### C. Continued Ineligibility Based on a Completed Sentence Is Arbitrary, Capricious, and Contrary to Law

Even under the deferential standard of the Administrative Procedure Act, agency decisions must not be arbitrary, capricious, or contrary to law. See 5 U.S.C. § 706(2)(A). The BOP's continued denial of FSA Time Credits based on a conviction that has been fully served and is no longer operative violates all three standards. The rule articulated by the BOP has no textual foundation, lacks reasoned justification, and defeats the very purpose of the First Step Act. It irrationally punishes rehabilitative behavior based solely on a prisoner's past—precisely what the FSA sought to correct. As the Supreme Court has stated:

> "The law is not a game where the rules depend on the scorekeeper."
> — United States v. Booker, 543 U.S. 220 (2005).

### D. The BOP's Continued Denial of FSA Credits Violates the First Step Act

The First Step Act of 2018, codified in part at 18 U.S.C. §§ 3632 and 3624, allows eligible federal inmates to earn time credits toward prerelease custody or supervised release upon successful completion of EBRR programs or Productive Activities. Under 18 U.S.C. § 3632(d)(4)(D), only inmates convicted of certain disqualifying offenses are ineligible to earn or apply time credits. 21 U.S.C. § 841 is not listed among the disqualifying offenses. Petitioner is therefore statutorily eligible to earn and apply FSA Time Credits. The ineligibility under § 924(c) ceased to apply once the §

924(c) sentence was fully served. See *Ogunseinde v. Warden*, FCI Berlin, 2022 WL 17251337 (D.N.H. 2022) (holding that ineligibility for FSA credits must be evaluated based on the sentence currently being served, not completed sentences). Other federal courts have reached similar conclusions, holding that once a non-qualifying sentence is completed, the inmate becomes eligible for FSA credits for the qualifying sentence. See Alfonso *Woodley v. Warden*, USP-Leavenworth, No. 5:23-cv-03129 (D. Kan. 2023); *Hare v. Ortiz*, No. 20-cv-14093, 2022 WL 391429 (D.N.J. Feb. 9, 2022). In *Woodley*, the court found that "the BOP's categorical exclusion of an inmate serving an eligible sentence—based solely on a completed ineligible sentence—conflicts with the purpose and plain text of the First Step Act."

**E. The BOP's Policy is Arbitrary and Capricious**

The BOP's refusal to apply FSA credits earned during Petitioner's § 841 sentence is arbitrary, capricious, and contrary to law, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). The BOP's interpretation undermines Congress's intent to reduce recidivism and promote rehabilitation through earned incentives. Denying Petitioner the application of FSA Time Credits based on a sentence he has already completed contradicts the remedial purpose of the First Step Act and constitutes an ongoing injury to Petitioner's liberty interest. *See United States v. Segarra*, 582 F.3d 1269 (11th Cir. 2009)(The court held that § 924(c) mandates a

consecutive sentence to any other conviction, including § 841, because each statute defines a separate criminal offense with its own elements and penalties; The of-conduct overlap does not merge the offenses; even when based on the same act, they are legally distinct, and § 924(c)'s plain language requires consecutive punishment). Similarly, See *United States v. Lucas*, 932 F.2d 1210 (11th Cir. 1991)( Lucas held that each "use" of a firearm under § 924(c) constitutes a separate offense, even if arising from the same underlying predicate § 841 transaction. These impulses are treated independently in sentencing).

These rulings establish that the § 841 and § 924(c) convictions are separate crimes under federal law—the Eleventh Circuit treats them as individually punishable, not as a combined offense. Were sentenced separately, even if administratively calculated together by the BOP. Thus, under the First Step Act, any ineligibility from § 924(c) ended when that sentence was fully served. The § 841 sentence remains eligible for FSA time credits because § 841 is not among the disqualifying offenses in 18 U.S.C. § 3632(d)(4)(D), and § 924(c)'s bar does not carry over once that sentence is complete.

The Bureau of Prisons' flawed interpretation of sentence aggregation under 18 U.S.C. § 3584 and its misuse to deny FSA Time Credits on a legally distinct, eligible sentence. This argument addresses statutory construction, separation of powers, congressional intent, and the illegality of BOP's policy override.

**F. The BOP's Aggregation Policy Cannot Supersede Congressional Statutory Design or Judicially-Imposed Sentences**

It is axiomatic that administrative convenience cannot displace the rule of law. Yet that is precisely what the Bureau of Prisons attempts when it asserts that its policy of "aggregating" sentences under internal Program Statements allows it to treat multiple distinct sentences as a single indivisible sentence for purposes of Time Credit eligibility under the First Step Act (FSA). This position is deeply flawed—legally, constitutionally, and structurally.

**G. § 924(c) and § 841 Are Statutorily and Constitutionally Distinct Sentences, Even if the BOP "Aggregates" Them for Administrative Calculation**

Under 18 U.S.C. § 3584(a), when a defendant is sentenced to multiple terms of imprisonment at different times (as is often the case with § 924(c) and § 841), the sentencing court may specify whether those sentences run concurrently or consecutively. In the case of § 924(c), Congress explicitly mandated that the sentence must run consecutively to any other term of imprisonment, making aggregation a non-optional mandate of law.

> "No term of imprisonment imposed under this subsection shall run concurrently with any other term of imprisonment..."
>
> —18 U.S.C. § 924(c)(1)(D)(ii)

Therefore, each sentence is imposed separately, begins and ends separately, and carries distinct legal consequences. That the BOP may internally track those

sentences using an "aggregated sentence structure" under its Program Statement 5880.28 does not collapse the legal distinctiveness of the underlying convictions.

> "The BOP may not use an administrative policy to override the clear text of the law."
>
> — *Kisor v. Wilkie*, 588 U.S. 558 (2019)

**H. The BOP's Policy is Not Entitled to Deference Where It Contradicts the Statute's Clear Text**

The BOP is not the legislature. It is not the judiciary. And it is not the U.S. Sentencing Commission. It is an executive agency charged with executing law, not rewriting it. The First Step Act, at 18 U.S.C. § 3632(d)(4)(D), expressly identifies the disqualifying offenses that preclude a prisoner from earning or applying Time Credits. § 924(c) is listed. § 841 is not.

> "A prisoner is ineligible to receive time credits... if the prisoner is serving a sentence for a conviction under [specific statutes including § 924(c)]..."
>
> —18 U.S.C. § 3632(d)(4)(D)

The language is unambiguous: eligibility is offense-specific and sentence-specific. If Congress had intended to allow ineligibility to taint all aggregated or overlapping sentences, it would have said so. It did not. The Supreme Court in *Chevron U.S.A. Inc. v. Natural Resources Defense Council,* 467 U.S. 837 (1984), long held that where the intent of Congress is clear, "that is the end of the matter." *Chevron* deference does not apply where an agency's interpretation contradicts statutory text.

Moreover, after *Kisor v. Wilkie*, 588 U.S. 558 (2019), courts must reject an agency's interpretation if it is not the best reading of the statute. The BOP's reading is plainly not the best reading. In fact, it's an impermissible expansion of statutory ineligibility based on internal policy—not law.

### I. Aggregation Is an Accounting Mechanism—Not a Sentencing Principle

The BOP's reliance on aggregation is deeply misplaced. Its internal aggregation framework is a computational tool, not a sentencing doctrine. Courts do not aggregate distinct sentences for legal purposes; nor does Congress treat them as one. Congress's intent is clear: eligibility for FSA Time Credits depends on the offense for which a prisoner is currently serving a sentence. Aggregation is not part of that equation. The Eleventh Circuit has consistently held that § 924(c) must be sentenced separately and consecutively from the underlying offense. See *Segarra* & *Lucas*, supra. These precedents confirm that federal courts treat these offenses and sentences as independent. That the BOP merges them on a spreadsheet does not—and cannot—legally fuse them into a single sentence for purposes of eligibility under the FSA.

### J. The BOP's Position Violates the Separation of Powers and Usurps the Judiciary's Sentencing Authority

Under Article III of the Constitution, the judiciary alone is vested with the power to impose sentence. When a sentencing court issues separate sentences under § 924(c)

and § 841—one consecutive to the other—it creates distinct judicial acts. The BOP, by administratively erasing the line between those sentences, unlawfully overrides the judgment of the sentencing court. This is more than an error; it is a constitutional encroachment. The Supreme Court has emphasized that sentencing is the province of the judiciary, and that executive agencies must implement—not reinterpret—the lawful judgments of the court. See *Setser v. United States*, 566 U.S. 231 (2012) (BOP may not determine whether sentences run consecutively or concurrently when not explicitly authorized); *Tapia v. United States*, 564 U.S. 319 (2011) (BOP may not use rehabilitative goals to alter the nature or length of a judicial sentence). In *Setser*, the Court warned against allowing the BOP to transform sentence structure for its own convenience, because doing so "would be to make the Bureau of Prisons the sentencing court." That is exactly what the BOP is attempting here.

### K. A Prisoner Currently Serving an FSA-Eligible Sentence Must Be Treated Accordingly

The current operative sentence—not the historical aggregate—is what matters. Once a prisoner completes the sentence for an ineligible offense, and begins serving the sentence for an eligible one, the text of § 3632(d)(4)(D) plainly permits that prisoner to earn and apply Time Credits. This interpretation is not only textually sound, it is consistent with rulings from other federal courts. See *Woodley v. Warden,*

*USP-Leavenworth*, No. 5:23-cv-03129 (D. Kan. 2023)(Eligibility resets based on the current sentence); *Hare v. Ortiz*, No. 20-cv-14093 (D.N.J. 2022)(FSA eligibility must be evaluated with reference to the sentence currently being served).

## VI. The Rule of Lenity

### A. Requires Interpretation of FSA Eligibility In Favor of The Pro Se Petitioner

Even if the Court were to find ambiguity in how the First Step Act applies to aggregated sentences involving both eligible and ineligible convictions, the Rule of Lenity requires that such ambiguity be resolved in favor of the Petitioner, particularly where continued incarceration is at stake.

> "When interpreting a criminal statute, if there is any doubt about its application, courts must resolve the ambiguity in favor of the defendant."
> — *United States v. Santos*, 553 U.S. 507, 514 (2008)

The First Step Act is a criminal justice statute that directly impacts the amount of time a person spends in federal custody. By denying the application of earned FSA Time Credits to Petitioner's currently-served § 841 sentence—based on a completed and ineligible § 924(c) conviction—the BOP seeks to impose a prolonged term of incarceration without express statutory authority. This is precisely the type of situation where the Rule of Lenity operates as a backstop to liberty, ensuring that courts do not permit an agency or government actor to extend punishment through inference or administrative logic, rather than through the plain letter of the law. The Supreme Court has consistently emphasized this principle:

"Ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity."

— *Cleveland v. United States*, 531 U.S. 12, 25 (2000)
— *Rewis v. United States*, 401 U.S. 808, 812 (1971)

In the context of a pro se litigant, this rule carries even greater weight. Federal courts have long recognized the need to interpret pleadings and arguments from unrepresented prisoners liberally and favorably. See *Haines v. Kerner*, 404 U.S. 519 (1972). The BOP, a federal agency, has chosen to apply its own expansive interpretation of the FSA's eligibility rules—one not found in the statutory text—against a pro se individual facing the loss of months of liberty. To uphold the BOP's position in the face of statutory silence or ambiguity would be to invert the purpose of the Rule of Lenity, granting the government authority to imprison longer not because Congress clearly said so, but because it didn't say otherwise. That is not how liberty works in the American system. Where there is doubt, the law favors freedom. Accordingly, if the Court finds any room for reasonable disagreement over whether Petitioner's current sentence under § 841 should be credited under the FSA—it must side with the Petitioner.

**B. Constitutional Due Process and the Rule of Lentity**

Fundamentally, the Rule of Lenity is a constitutional safeguard—not merely a canon of statutory construction. Its application in this case implicates core due process principles under the Fifth Amendment, which prohibit the government from depriving a

person of liberty based on ambiguous or unclear laws. When the meaning or scope of a criminal or penal statute is subject to two or more plausible interpretations—particularly one advanced by the government to extend incarceration—due process requires that courts adopt the interpretation most favorable to the individual. This principle is not simply about fairness in statutory interpretation; it is about protecting individuals from arbitrary and unpredictable punishment by ensuring that liberty is not lost in the gray spaces of bureaucratic discretion. In the context of a pro se petitioner, this safeguard carries even greater weight: the law must speak clearly if it intends to keep a person in prison. It has not done so here.

For all the foregoing reasons—and guided by the Rule of Lenity, which prohibits punishing through ambiguity—the Court should grant the relief requested and direct the BOP to apply all earned FSA Time Credits to Petitioner's current, eligible § 841 sentence.

## VII. CONCLUSION

The BOP's reliance on aggregation to deny Time Credits for a completed § 924(c) sentence bleeds administrative convenience into judicial function. It creates a de facto override of the statute, violates the separation of powers, and disregards clear congressional intent. Congress wrote the First Step Act to reward rehabilitation. The BOP's twisted logic punishes it. The Court must reject the BOP's expansive and

unlawful reading, and order the application of earned FSA Time Credits to the Petitioner's current, eligible § 841 sentence.

Therefore, once the § 924(c) term was completely served, including good-conduct time, the associated ineligibility for First Step Act credits ceased to apply. The BOP errs in continuing to lump the § 841 sentence under that bar. The Petitioner is facing a statutory ambiguity that the government (through the BOP) seeks to exploit for continued incarceration, **deference should go to liberty, not bureaucracy.**

Petitioner's current sentence under § 841 is legally distinct, statutorily eligible, and independently served from his completed § 924(c) sentence. To deny FSA Time Credits now is to impose a collateral disability without lawful basis, contrary to both the First Step Act and binding Eleventh Circuit precedent. This Court should grant the habeas petition and order the Bureau of Prisons to credit all earned FSA Time Credits against the Petitioner's eligible sentence.

## VIII. RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that this Court:

1. Issue a Writ of Habeas Corpus under 28 U.S.C. § 2241 directing the BOP to:

   a. Recognize Petitioner's eligibility for FSA Time Credits under 18 U.S.C. §§ 3632 and 3624;

   b. Apply all earned Time Credits toward Petitioner's sentence under 21 U.S.C. § 841; and

   c. Adjust Petitioner's projected release date accordingly.

2. Grant any further relief the Court deems just and proper.

Dated: 8/26/25

Respectfully Submitted,

/s/ [signature]

Patrick Blaise CharnocK, Pro Se
Reg. No. 93638-083
FCI Jesup
2680 301 South
Jesup, GA 31599

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that I have mailed and caused to be served a true copy of the foregoing pleading upon the U.S. Attorney's Office for the Southern District of Georgia, by regular U.S. Postal Mail, and the Clerk for the U.S. District Court, Southern District of Georgia. On this 26 Day of July 2025. In Jesup, GA 31599.

[signature]

Patrick Blaise CharnocK

BP-A0148
HSLC 10

**INMATE REQUEST TO STAFF** CDFRM

**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| TO:(Name and Title of Staff Member)<br>Unit Team | DATE:<br>08/07/2025 |
| FROM:<br>Patrick Charnock | REGISTER NO.:<br>93638-083 |
| WORK ASSIGNMENT:<br>N/A | UNIT:<br>Dorms |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

I write this to request to obtain a BP-8 so that I may effect administrative remedies on the denial of FSA and Second Chance act being applied to my sentence for release to halfway house or home confinement. If I do not hear back from you or if you are unable to provide me with the requested BP8, you agree, by tacit agreement that you deny my ability to facilitate administrative remedies and you further agree not to challenge any futility doctrine argument that I file in a future litigation/pleading in the matter.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| [signature] | 8/26/25 |

Record Copy - File; Copy - Inmate

PDF Prescribed by N551/

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

BP-A0148
HSLC 10

**INMATE REQUEST TO STAFF** CDFRM

**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Unit Team | DATE: 08/11/2025 |
|---|---|
| FROM: Patrick Charnock | REGISTER NO.: 93638-083 |
| WORK ASSIGNMENT: N/A | UNIT: Dorms |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

I write this as my second request to obtain a BP-8 so that I may effect administrative remedies on the denial of FSA and Second Chance act being applied to my sentence for release to halfway house or home confinement. Please be advised that If I do not hear back from you or if you are unable to provide me with the requested BP8, you agree, by tacit agreement that you deny my ability to facilitate administrative remedies and you further agree not to challenge any futility doctrine argument that I file in a future litigation/pleading in the matter.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date 8/26/25 |
|---|---|

Record Copy - File; Copy - Inmate

PDF Prescribed by N551/

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

**FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER** **SECTION 6**

PDF Prescribed by P

# PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

## Instructions

1. **Who Should Use This Form**. You should use this form if
   - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
   - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
   - you are alleging that you are illegally detained in immigration custody.

2. **Who Should Not Use This Form**. You should not use this form if
   - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
   - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
   - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3. **Preparing the Petition**. The petition must be typed or neatly written, and you must sign and date it under penalty of perjury. **A false statement may lead to prosecution.**

4. **Answer all the questions.** You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition. If you attach additional pages, number the pages and identify which section of the petition is being continued. All filings must be submitted on paper sized 8½ by 11 inches. **Do not use the back of any page.**

5. **Supporting Documents**. In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

6. **Required Filing Fee**. You must include the $5 filing fee required by 28 U.S.C. § 1914(a). If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

7. **Submitting Documents to the Court**. Mail your petition and ____ copies to the clerk of the United States District Court for the district and division in which you are confined. For a list of districts and divisions, see 28 U.S.C. §§ 81-131. All copies must be identical to the original. Copies may be legibly handwritten.

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

8. **Change of Address**. You must immediately notify the court in writing of any change of address. If you do not, the court may dismiss your case.

Patrick Blaise Charnoch 93638-083
FCI Jesup Satellite Camp
2650 301 South
Jesup, GA 31599




United States District Court
801 Gloucester Street, Room 108
Brunswick, GA 31520

INSPECTED BY 3 K

SEP 0 3 2025

U.S. Marshals Service/SGA