**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| PATRICK BLAISE CHARNOCK,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI JESUP,<br><br>Respondent. | CIVIL ACTION NO.: 2:25-cv-110 |

**REPORT AND RECOMMENDATION**

Petitioner Patrick Charnock ("Charnock"), who is incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a 28 U.S.C. § 2241 Petition for Writ of Habeas. Doc. 1. Respondent filed a Motion to Dismiss, and Charnock filed a Response. Docs. 8, 10, 11. For the reasons that follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS** Charnock's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Charnock leave to appeal *in forma pauperis*.

**BACKGROUND**

Charnock was convicted in the District Court for the Eastern District of Virginia of: conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and possession of at least one firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). J., United States v. Charnock, Case No. 2:19-cr-129-2, (Sep. 30, 2020 E.D. Va.), ECF No. 70. Charnock was sentenced to 180 months in prison, which is comprised of 120 months for count 1 (drug

conspiracy) and a 60-month term for the § 924(c) count, to run consecutively. Id. at 2. Charnock's sentences were reduced to 102 and 51 months, respectively, for a total of a 153-month sentence.[1] Doc. 8-1 at 6–7. The Bureau of Prisons ("BOP") aggregated Charnock's sentences, for an aggregate sentence of 153 months. Id. at 7. Charnock has a projected release date of March 19, 2030, via good conduct release. Id. at 8.

In his Petition, Charnock asserts he has completed his 60-month sentence on his § 924(c) conviction, yet the Bureau of Prisons ("BOP") refuses to apply First Step Act ("FSA") credit toward his drug conspiracy conviction, which he contends he is currently serving. Doc. 1 at 11. Charnock states the BOP cites his § 924(c) disqualifying conviction as the reason to not provide FSA credit against his sentence for his convictions under §§ 841 and 846. Id. Charnock claims his convictions are legally distinct and he should be eligible for FSA credit now that he has finished his sentence on his firearms conviction, § 924(c). Id. at 25.

Respondent states Charnock's Petition should be dismissed because he is not eligible for FSA credit due to his § 924(c) conviction and the BOP properly aggregated his sentences. Doc. 8 at 7–9. Respondent also states Charnock failed to exhaust his administrative remedies and has no liberty interest in FSA credits.[2] Id. at 2–6.

---

[1] Charnock's sentence computation printout reveals his sentence was reduced by a court order. Doc. 8-1 at 6, 7. However, the Court was unable to find any information regarding a sentence reduction in the Eastern District of Virginia. While the Court has no reason to doubt the authenticity of this printout, I note this only to show any lack of support for the sentence modification.

[2] The Court notes, in certain circumstances, it should not determine exhaustion issues. Specifically, in Jenner v. Stone, this Court noted, "Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, 'that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense.'" Jenner v. Stone, No. CV 317-068, 2018 WL 2976995, at *2 (S.D. Ga. May 16, 2018), adopted, 2018 WL 2972350 (S.D. Ga. June 13, 2018) (quoting Santiago-Lugo v. Warden, 785 F.3d 467, 474–75 (11th Cir. 2015)). "However, 'a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. (quoting Santiago-Lugo, 785 F.3d at 475). Here, the Court has opted not to address Respondent's exhaustion ground for dismissal since, as discussed below, Charnock does not set forth a meritorious claim.

## DISCUSSION

### I. Charnock Is Not Eligible for FSA Credit

Respondent contends that Charnock is serving a single, aggregated term of imprisonment that includes a sentence for a § 924(c) conviction and, thus, he is not eligible for FSA credits. Id. at 7. Respondent also contends that the BOP aggregated Charnock's sentences into one sentence for administrative and FSA purposes, as 18 U.S.C. § 3584(c) requires. Because the BOP acted in accordance with statutory authority, Respondent asserts that Charnock's Petition should be dismissed. Id. at 8–9.

In response, Charnock states that Respondent's assertions "collapse under controlling" law. Doc. 10 at 1. According to Charnock, the plain language of the FSA shows that he was ineligible for credit only while serving his § 924 sentence and, because he is no longer serving that sentence, nothing in 18 U.S.C. § 3632(d)(4)(D) allows for him to remain ineligible for credit. Id. at 2. Charnock's attempt to show that he is eligible to be given credit under the FSA for his drug conspiracy offense despite his firearm conviction fails.

Once a federal court sentences an offender, "the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992) (quoting 18 U.S.C. § 3621(a)). As part of this administration of sentences, the FSA requires the Attorney General to "develop and release publicly . . . a risk and needs assessment system" that is to be used, among other things, to determine the assignment of prisoners to appropriate evidence-based recidivism reduction programs or productive activities based on individualized assessments. 18 U.S.C. §§ 3632(a), (b) & 3621(h). A prisoner who successfully completes these programs or activities shall earn credit against his sentence. Id. § 3632(a)(4)(A)–(C). However, a prisoner is ineligible to receive time credits if he is serving a

sentence for a conviction under any of the 68 enumerated statutory provisions, including, as relevant here, a § 924(c) conviction. Id. § 3632(a)(4)(D)(xxii) ("relating to unlawful possession or use of a firearm during and in relation to any . . . drug trafficking crime.").

Here, Charnock was convicted of a § 924(c) offense and was sentenced based on that conviction, along with his drug conspiracy conviction, in the District Court for the Eastern District of Virginia. Doc. 8-1 at 6–7. Charnock does not dispute this. What Charnock does dispute—however erroneously—is that he is now serving only his drug conspiracy conviction because this sentence was ordered to run consecutively to his § 924(c) conviction, which he has already finished. Doc. 1 at 3. The Eastern District of Virginia court did not dictate the order in which Charnock's 180-month sentence should be served (or that there was an order), only that both portions were "to be served consecutively."[3] J., United States v. Charnock, Case No. 2:19CR129-2 (E.D. Va. Sep. 30, 2020), ECF No. 70, p. 2.

Further, "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). "Provision of time credits, like those earned under § 3632, is an administrative function of the BOP." Darragh v. Warden, Case No. 5:25-cv-216, 2025 WL

[3] Charnock's citation to Circuit Courts of Appeals' caselaw regarding § 924 convictions being separate offenses requiring separate, consecutive sentences is misplaced. Doc. 10 at 5–6 (citing United States v. Segarra, 582 F.3d 1269 (11th Cir. 2009), and United States v. Lucas, 932 F.2d 1210 (8th Cir. 1991)). Neither of these cases stand for the proposition Charnock wishes, i.e., because § 924(c) convictions are separate from predicate offense convictions, the BOP cannot aggregate these sentences for computation purposes and he should be getting FSA credits now. Even if the Court accepted this contention—a finding not made—at best, Charnock is still serving his 120-month sentence for his drug conspiracy conviction since this is the offense upon which Charnock's firearms conviction is predicated. Indeed, § 924(c) sentences run consecutively to any predicate offense sentence. 18 U.S.C. § 924(c)(1)(D) ("[N]o term of imprisonment imposed . . . under this subsection shall run concurrently with any other term of imprisonment imposed . . ., including . . . for a drug trafficking crime during which the firearm was used, carried, or possessed."); see also United States v. Segarra, 582 F.3d 1269, 1272 (11th Cir. 2009) ("Violations of § 841 carry a mandatory minimum sentence . . . . Section 924(c) requires a 60-month term of imprisonment to be served consecutively.").

3211075, at *2 (M.D. Fla. Nov. 18, 2025) (quoting Chambers v. Warden Lewisburg USP, 852 F. App'x 648, 650 (3d Cir. 2021) ("The BOP was permitted to aggregate [petitioner's] otherwise-consecutive sentences into a single unit for purely administrative purposes[.]); and then quoting United States v. Llewlyn, 879 F.3d 1291, 1295 (11th Cir. 2018) (describing "computing inmates' credit for time served" as the BOP's administrative duty)). In keeping with this reasoning, the Darragh court noted that appellate courts considering the issue of aggregation "have come to the same conclusion: that the BOP properly aggregates multiple-count sentences involving a consecutive § 924(c) sentence." Id. (quoting Colotti v. Peters, No. 25-1191, 2025 WL 1321386, at *2 (3d Cir. May 7, 2025) ("[T]he BOP properly aggregated [petitioner's § 924(c) and RICO] convictions as a single sentence for purposes of FSA time credits."); Clinkenbeard v. Murdock, No. 24-3127, 2025 WL 926451, at *1 (8th Cir. Mar. 27, 2025) ("[T]he BOP correctly treated [petitioner's § 924(c) and drug-trafficking crime] prison terms as a single aggregate sentence . . . and therefore properly denied him FSA credits."); and citing Oiler v. LeMaster, No. 24-5033, 2025 WL 1864875, at *1 (6th Cir. Jan. 10, 2025) (holding BOP properly aggregated sentences for § 924(c) and other, non-disqualifying offenses and accordingly determined petitioner was ineligible to receive FSA time credits); Bonnie v. Dunbar, 157 F.4th 610 (4th Cir. 2025) (holding calculation for inmate serving a 22-month revocation sentence for a § 924(c) offense was properly aggregated with 120-sentence imposed for new offense)); see also Ellis v. Joseph, No. 4:25-CV-8729, 2025 WL 3257997, at *1 n.1 (D.S.C. Nov. 21, 2025) (recognizing issuance of opinion in Bonnie since the Magistrate Judge issued his report and recommendation, and the Bonnie court "affirm[ed] that the [BOP] is required by statute to treat multiple sentences as a single aggregate sentence for administrative purposes, including the

computation of [FSA] credits[,]" (adopting report and recommendation at 2025 WL 3260066 (D.S.C. Sep. 17, 2025)).

Thus, since the BOP must aggregate sentences for administrative purposes under § 3584(c) and § 3632 mandates that calculating credits is an administrative function, Charnock is serving a single, aggregated sentence for his §§ 841 and 846 conviction and his § 924(c) conviction. And because Charnock is serving a sentence for a § 924(c) conviction, he is ineligible to receive FSA credit against his aggregated sentence. 18 U.S.C. § 3632(a)(4)(D)(xxii); Boyd v. Rardin, Case No. 1:25-cv-11563, 2025 WL 3634204, at *3 (E.D. Mich. Dec. 15, 2025) ("The BOP correctly concluded that Petitioner's § 924(c) [conviction] precludes his from receiving FSA time credits."); see also Reynolds v. Eischen, Case No. 24-cv-2956, 2025 WL 1095943, at *5 (D. Minn. Mar. 11, 2025) (finding that § 3632(d)(4)(D) uses singular term "'sentence' . . . reflecting the apparent assumption that each prisoner will only be serving one, aggregated sentence rather than multiple sentences[]" and that to adopt petitioner's interpretation would mean that the BOP would need to calculate the precise date when one sentence stopped and another started to apply FSA credits only to any program completed during the eligible sentence, which would conflict with directive to aggregate sentence for administrative purposes) (citing § 3584(c)). Despite Charnock's urging to the contrary, he has not identified any instances where a court treated multiple sentences administratively different and has distinguished between convictions that are eligible and ineligible for FSA credits within a single, aggregated sentence. The Court should grant Respondent's Motion to Dismiss on this basis and deny Charnock's Petition. It is unnecessary to address the remaining grounds of Respondent's Motion.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Charnock leave to appeal *in forma pauperis*. Though Charnock has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Charnock *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Charnock's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and

enter the appropriate judgment of dismissal, and **DENY** Charnock leave to appeal *in forma pauperis*. Docs. 1, 8.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 6th day of July, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA